**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5377-14T3

RAFIQ SALEEM,

    Appellant,

v.


NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

          Submitted February 8, 2017 — Decided  March 29, 2017

          Before Judges Carroll and Gooden Brown.

          On appeal from the New Jersey Department of
          Corrections.

          Rafiq Saleem, appellant pro se.

          Christopher S. Porrino, Attorney General,
          attorney for respondent (Lisa A. Puglisi,
          Assistant Attorney General, of counsel; Alex
          J. Zowin, Deputy Attorney General, on the
          brief).

PER CURIAM

Appellant Rafiq Saleem, a New Jersey State Prison (NJSP) inmate,[1] appeals from the April 17, 2015 final agency decision of the Department of Corrections (DOC) finding him guilty and imposing sanctions for committing prohibited act *.003, assaulting any person with a weapon, in violation of N.J.A.C. 10A:4-4.1.[2] Because the finding of guilt was based on substantial credible evidence in the record and the disciplinary hearing comported with all due process requirements, we affirm.

I.

We discern the following facts and procedural history from the record. On April 11, 2015, Senior Corrections Officer D. Johnson observed appellant swinging an object at his cellmate, Hassan Harris, and both inmates exchanging closed fist punches. Several officers immediately responded to SCO Johnson's Code 33, which is a signal alerting other officers that there is an emergency requiring immediate assistance. When both inmates ignored the officer's repeated orders to stop fighting, pepper spray was deployed and mechanical restraints were applied. Inmate Harris advised one of the responding officers that appellant had

---

[1] Appellant is serving a life sentence for murder.

[2] N.J.A.C. 10:4-4.1 identifies the prohibited acts by numerical designation. Offenses with designations "preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . ." N.J.A.C. 10:4-4.1(a).

swung a lock in a sock at him. A lock in a sock was, in fact, recovered from the cell and photographed. In addition, a video recording from a camera on the unit depicted appellant swinging the sock at Harris. Both inmates were decontaminated and medically cleared before being placed in prehearing detention. Harris had a minor scrape on top of his left hand. Appellant had no injuries.

Appellant was served with the aforementioned disciplinary charge on April 12, 2015. A disciplinary officer investigated the incident, determined that the charge had merit, and referred the matter for a hearing before a disciplinary hearing officer (DHO). The hearing began on April 13 and concluded on April 15, 2015, after the video recording of the incident was obtained. At the hearing, appellant was provided counsel-substitute as requested but declined to call any witnesses on his behalf or confront any adverse witnesses. In addition, appellant declined to enter a plea or make a statement. Appellant was given access to all the reports as well as a photocopy of the sock and lock. The video recording was not provided to appellant for security reasons inasmuch as the camera location was unknown to the inmate. However, the DHO summarized the content of the recording.

After reviewing the reports, including the photocopy of the sock and lock found at the scene, as well as the video recording showing appellant "swinging a sock at [inmate] Harris[,]" the DHO

3

determined that appellant appeared "to be the aggressor" and found him guilty. After considering the evidence, the DHO imposed the following sanction: fifteen days of detention; 250 days of administrative segregation; and the loss of 250 days of commutation time.

Through his counsel-substitute, appellant filed an administrative appeal seeking an amendment of the charge and leniency through relief from the sanctions. In support, appellant argued that "the appropriate charge should be [*.803/*.003, attempted assault with a weapon] as the tape [and] officer accounts state that [appellant] swung and missed, and there was no evidence of injury when examined by [the] nurse." On April 17, 2015, the assistant superintendent of the facility upheld the decision and denied appellant's request for leniency. This appeal followed.

On appeal, appellant argues that:

> THE HEARING OFFICER RELIED UPON UNSUBSTANTIAL EVIDENCE TO SUPPORT HER FINDING APPELLANT GUILTY OF 'ASSAULTING ANOTHER PERSON WITH A WEAPON', AS DESCRIBED IN #19 SANCTION(S) . . . INDICATING HER REASONS FOR IMPOSING SUCH A STIFF SANCTION, THAT APPELLANT (WAS SWINGING A SOCK). SANCTION DOES NOT FIT THE ALLEGED INFRACTION AND LOSS OF COMMUTATION CREDITS SHOULD BE RESTORED IN FULL AND/OR MODIFIED.

## II.

Our role in reviewing the decision of an administrative agency is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186,

190 (App. Div. 2010); In re Taylor, 158 N.J. 644, 656 (1999). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

We have also noted that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985), certif. denied, 102 N.J. 337 (1985).

However, "'although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review.'" Figueroa, supra, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action," but rather we must "engage in careful and principled consideration of the agency record and findings."

<u>Williams v. Dep't of Corr.</u>, 330 <u>N.J. Super.</u> 197, 204 (App. Div. 2000) (citations omitted).

Appellant argues that the evidence does not support the finding of guilt and the sanction is disproportionate to the infraction. He argues further that since the video recording depicting the incident was unavailable to him and his counsel-substitute to review for "possible exculpatory evidence[,]" the DHO should have downgraded the disciplinary charge in accordance with <u>N.J.A.C.</u> 10A:4-9.16.[3]

A prison disciplinary proceeding "'is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply.'" <u>Avant v. Clifford</u>, 67 <u>N.J.</u> 496, 522 (1975) (quoting <u>Morrissey v. Brewer</u>, 408 <u>U.S.</u> 471, 480, 92 <u>S. Ct.</u> 2593, 2600, 33 <u>L. Ed.</u> 2d 484, 494 (1972)). In <u>Avant</u>, our Supreme Court prescribed limited due process protections due prisoners prior to their subjection to discipline. <u>Id.</u> at 519, n.21. These protections include written notice of the charges and

---

[3] <u>N.J.A.C.</u> 10A:4-9.16 authorizes the hearing officer to modify the charge if "it becomes apparent at a disciplinary hearing that an incorrect prohibited act is cited in the disciplinary report but that the inmate may have committed another prohibited act[.]" Or, the charge may be referred back to the appropriate custody staff supervisor for handling "[i]f, after reviewing the charge, the inmate's past disciplinary record and any special reports," the hearing officer "concludes that the infraction is of a minor nature that is suitable for handling as an on-the-spot correction[.]"

timely adjudication; a hearing before an impartial tribunal; representation, if requested, by counsel-substitute; a limited ability to call witnesses and confront adverse witnesses; and a limited ability to present documentary evidence. Id. at 525-30. Post-hearing,

> a written statement of the fact-findings is given to the inmate by the hearing officer . . . as to the evidence relied upon, decision and the reason for the disciplinary action taken unless doing so would jeopardize institutional security. The written statement also indicates the reason for refusing to call a witness or to disclose items of evidence whether it be for irrelevance, lack of necessity or the hazards presented in individual cases.
>
> [Id. at 533 (citation omitted).]

These limited procedural rights, initially set forth in Avant, are codified in a comprehensive set of DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. DOC's regulations also require any "finding of guilt at a disciplinary hearing [] be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, supra, 414 N.J. Super. at 192 (citations omitted).

Here, the record demonstrates that appellant was afforded all due process protections. The DHO evaluated the evidence and

7

explained her reasons for finding him guilty, a finding that was amply supported by the evidence and forestalled the downgrading of the charge. Upon his request, appellant was provided counsel-substitute and afforded the opportunity to make a statement, present witnesses, and confront adverse witnesses; all of which he declined. Further, although the video recording was withheld for security reasons, appellant's ability to defend himself was not impaired by the withholding of confidential information because the hearing officer summarized its content in her written decision. Moreover, the sanction imposed is commensurate with the severity of the infraction and authorized under N.J.A.C. 10A:4-4.1(a) and N.J.A.C. 10A:4-5.1(e).

Additionally, appellant argues that he was not afforded an impartial and fair hearing because, in finding him guilty, the hearing officer relied on his silence contrary to N.J.A.C. 10A:4-9.4(b), and the investigating officer failed to thoroughly investigate the incident contrary to N.J.A.C. 10A:4-9.5(e). Under N.J.A.C. 10A:4-9.5(a), after the disciplinary report is served upon the inmate, an investigation of the infraction must be conducted, which shall include:

> [verifying] that the inmate has received the written charge[,] . . . [reading] the charge to the inmate, [informing] the inmate of the inmate's use immunity rights, [taking] the inmate's plea, [asking] if the inmate wishes

to make a statement concerning the
[infraction] . . . [and taking] the inmate's
statement. . . .

[N.J.A.C. 10A:4-9.5(e).]

Contrary to appellant's assertion, a thorough investigation was conducted during which the investigator verified that appellant received the written charge and read appellant his use immunity rights. In addition, the investigator recorded appellant's not guilty plea and was advised by appellant that he would make a statement at his hearing. Appellant also declined to offer any supporting witnesses or confront any adverse witnesses, thus obviating the need for further investigation.

Further, while N.J.A.C. 10A:4-9.4(a) permits a hearing officer to consider "[a]n inmate's failure to invoke use immunity and make a statement in his/her defense . . . together with the other evidence[,]" N.J.A.C. 10A:4-9.4(b) prohibits "[a] finding of guilt at a disciplinary hearing . . . predicated solely upon an inmate's silence." Here, the record does not support appellant's contention that the finding of guilt was predicated solely upon his silence. On the contrary, there was overwhelming evidence of appellant's guilt.

Finally, appellant essentially asserts that his counsel-substitute was ineffective by advising him not to enter a plea or make a statement, instead of asserting his valid self-defense

9

claim. Although the assistance of counsel-substitute in prison disciplinary hearings is not equivalent to the constitutional right to counsel in non-institutional proceedings, an inmate who receives assistance from a counsel-substitute who is not "sufficiently competent" has been effectively denied the due process protections established by the applicable regulation. Avant, supra, 67 N.J. at 529.

Here, appellant never claimed ineffective assistance of counsel-substitute nor asserted a self-defense claim in his administrative appeal. Therefore, we need not consider either claim on this appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Hill v. N.J. Dep't of Corr., 342 N.J. Super. 273, 293 (App. Div. 2001), certif. denied, 171 N.J. 338 (2002) (applying Nieder to prison cases). However, even if we were to consider them, there is no support for appellant's claim that competent counsel-substitute would have altered the outcome of the proceeding. After reviewing the video recording and the officers' reports, the DHO specifically found that appellant was the aggressor. That determination wholly undermines any reasonable assertion that the elements of a self-defense claim

required under <u>N.J.A.C.</u> 10A:4-9.13(f)[4] could be established.  We therefore reject appellant's claim of ineffective assistance of counsel-substitute and his claim of self-defense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] In order to prove a claim of self-defense, an inmate must present evidence establishing that he "was not the initial aggressor," "did not provoke the attacker," "had no reasonable opportunity or alternative to avoid the use of force," and the use of force "was not by mutual agreement," "was used to defend against personal harm" and "was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate." <u>N.J.A.C.</u> 10A:4-9.13(f).

11